## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| TOMMY JAMES ROGERS, | ] | |
| | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | CIVIL ACTION NO. 08-RBP-RRA-0509-M |
| | ] | |
| WARDEN DAVID J. WISE and | ] | |
| THE ATTORNEY GENERAL FOR THE | ] | |
| STATE OF ALABAMA, | ] | |
| | ] | |
| Respondents. | ] | |

## <u>MEMORANDUM OPINION</u>

This is a habeas corpus petition. The magistrate judge entered a report and recommendation recommending that the action be dismissed, because it is barred by procedural default. The petitioner has filed objections to the report and recommendation. In his objections, Rogers again argues that his procedural default should be excused because he is actually innocent. In support of this argument, Rogers offers the following:

> Petitioner was the driver of the vehicle which he and Calvin Burns occupied on July 4, 2004, and where his co-defendant shot one bullet, killing two individuals in another vehicle. In [sic] was determined that the owner of the other vehicle Damario Gibson, and Calvin Burns exchanged gunfire at each other, but petitioner never fired a shot from the gun during that event. Eventually, Calvin Burns was brought to trial separately from the petitioner on the two capital murder charges, where he was acquitted of the capital murder charges for the shooting. See [Direct Appeal statement of the facts and case]. When Calvin Burns was acquitted of the charges of capital murder, he agreed to testify in behalf of the petitioner. The jury was never informed that Calvin Burns had been tried for the same capital murder charges that the petitioner was being tried for, neither was petitioner given the funds to have his witness Calvin Burns transported to Alabama for testimony pursuant to 12-21-283. The petitioner further states before this court that since the actual shooter of the gun Calvin Burns was acquitted of the charges of the two capital murders, his testimony was vital to the defense of the petitioner. Petitioner is actual [sic] innocent of the shooting, which occurred by Mr. Burns and his co-defendants. See: [Direct Appeal statement of the facts and case].

This is the same argument that the petitioner made in his earlier pleadings.  He still has offered nothing to support a finding that he is actually, factually innocent of the crimes for which he was convicted.[1]  Therefore, the petition is barred by procedural default.

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  This habeas petition is due to be dismissed.  An appropriate order will be entered.

Done this 27th day of July, 2009.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1]  The court notes that Rogers was convicted of two counts of reckless murder, which requires proof that "[u]nder circumstances manifesting extreme indifference to human life, [the defendant] recklessly engage[d] in conduct which create[d] a grave risk of death to a person other than himself or herself, and thereby cause[d] the death of another person."  *Ala. Code* § 13A-6-2(a)(2).  His co-defendant, Calvin Burns, was acquitted of capital murder.  Moreover, Burns' case was tried by a different jury.